**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:25-cr-00027

CHARLES DANA JOHNSON, II,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion to Suppress Evidence* (Document 26) and the *Response of the United States in Opposition to Defendant's Motion to Suppress Evidence* (Document 30).   The Court held a suppression hearing on May 13, 2025.   For the reasons stated herein, the Court finds that the motion to suppress should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Defendant, Charles Dana Johnson, II, was charged with felon in possession of a firearm via an *Indictment* (Document 1) returned on March 4, 2025.   The single-count indictment alleges that he possessed two firearms on or about November 17, 2024, at or near Parkersburg, Wood County, West Virginia.   The firearms were found during a traffic stop, and the Defendant seeks to suppress all evidence seized as a result of that traffic stop.

Wood County Sheriff's Deputy Damian Alltop was parked in his cruiser during the afternoon hours of November 17, 2024, observing traffic on Gihon Road in Parkersburg, West Virginia.   The Defendant drove past in his black Mercedes sedan.   Deputy Alltop testified that

he observed the Defendant leaning back to conceal himself behind the B-pillar in his car and decided to follow.   One car was between Deputy Alltop and the Defendant's vehicle.   He saw the vehicle turn onto Lost Pavement Road, a rural two-lane road with a speed limit of 45 m.p.h.   He could not immediately see the Defendant's car and increased his speed.   As he crested a hill, he saw the vehicle driving at a high rate of speed and going left of center as it navigated a curve.   He increased his speed to 70-80 m.p.h., and was not catching up until the Defendant got stuck behind a slower vehicle.   He activated his lights and siren.   It took the Defendant 30-40 feet to pull over after Deputy Alltop caught up to him, which Deputy Alltop thought could indicate that the Defendant was concealing contraband or deciding whether to pull over or flee.

Mr. Johnson placed his hands outside the car window as Deputy Alltop approached. Deputy Alltop testified that Mr. Johnson was moving his hands rapidly and talking rapidly, including requesting to go to his brother's house nearby.   Mr. Johnson stated that his throttle had gotten stuck.   Deputy Alltop found his behavior suspicious and asked him to step out of the vehicle.   He requested consent for a pat search, and testified that Mr. Johnson provided that consent, although he did not recall his precise words.   He placed Mr. Johnson's hands behind his back, without handcuffs, to begin the search, and felt Mr. Johnson tense up.   He inquired about contraband, and Mr. Johnson stated that he had two guns in his waistband.   Deputy Alltop removed the guns.   Mr. Johnson admitted that he was a prohibited person, and Deputy Alltop handcuffed him and placed him under arrest.   Mr. Johnson explained that he had taken the guns from a friend who was threatening suicide.   Deputy Alltop did not give a Miranda warning during the portion of the stop at issue.   The vehicle he was in was not equipped with a dash cam, and he was not issued a body cam, so no video of the stop is available.

The Court found Deputy Alltop's testimony to be credible.    He provided clear answers to questions, including directly stating when he could not recall certain details.    He testified without hesitation or defensiveness on cross examination as well as on direct, and where applicable, his testimony and timelines were consistent with the dispatch log.

## STANDARD OF REVIEW

When deciding a motion to suppress, the district court may make findings of fact and conclusions of law.    *United States v. Stevenson,* 396 F.3d 538, 541 (4th Cir. 2005).    On a motion to suppress, the burden of proof is on the party who seeks to suppress the evidence.    *United States v. Dickerson*, 655 F.2d 559, 561 (4th Cir. 1981).    However, once the defendant establishes a proper basis for his motion to suppress, the burden shifts to the government to prove the admissibility of the challenged evidence by a preponderance of the evidence.    *United States v. Matlock*, 415 U.S. 164, 177 n.14 (1974).

## DISCUSSION

The Defendant challenges both the stop and the search.    He argues that the stop was not justified from its inception because Deputy Alltop did not have probable cause to believe he had committed any traffic violation.    He further argues that Deputy Alltop exceeded the appropriate scope and duration of the stop by engaging in an unrelated criminal investigation rather than promptly addressing the alleged traffic violations.    Finally, he disputes that he consented to a search.

The United States argues that the stop was legitimate because Deputy Alltop personally witnessed the Defendant speeding and driving left of center.    It contends that the stop was not improperly extended because efforts to ensure officer safety are an integral part of the mission of

a traffic stop.  It further argues that the Defendant validly consented to the search of his person.

Even if the extension of the stop or the search were not otherwise valid, the United States contends

that Deputy Alltop had reasonable suspicion to investigate and search the Defendant based on his

evasive and suspicious behavior.

The Fourth Amendment to the Constitution prohibits unreasonable searches and seizures.

U.S. Const. amend. IV.  Brief detention pursuant to a traffic stop constitutes a "seizure" for

purposes of the Fourth Amendment and must therefore be "reasonable."  *Whren v. United States*,

517 U.S. 806, 809–10 (1996).  "As a general matter, the decision to stop an automobile is

reasonable where the police have probable cause to believe that a traffic violation has occurred."

*Id.* at 810.  "[T]he actual motivations of the individual officers involved" and their "[s]ubjective

intentions play no role in ordinary, probable-cause Fourth Amendment analysis."  *Id.* at 813

(finding pretextual stops permissible).  "Observing a traffic violation provides sufficient

justification for a police officer to detain the offending vehicle for as long as it takes to perform

the traditional incidents of a routine traffic stop," including checking ID, licenses, registration, and

running a computer check.  *United States v. Branch*, 537 F.3d 328, 335–36 (4th Cir. 2008).

Extending a stop beyond the scope necessary to accomplish the purposes consistent with resolving

the traffic violation requires "either the driver's consent or a 'reasonable suspicion' that illegal

activity is afoot."  *Id.* at 336; *Rodriguez v. United States*, 575 U.S. 348, 355 (2015) (holding that

extending a traffic stop even for only a few minutes to conduct a dog sniff absent reasonable

suspicion constitutes an unlawful seizure).

During a valid traffic stop, officers are free to order the driver out of the car to ensure

safety.  *Arizona v. Johnson*, 555 U.S. 323, 331 (2009) (citing *Pennsylvania v. Mimms*, 434 U.S.

106, 111 (1977)).   "An officer's inquiries into matters unrelated to the justification for the traffic stop…do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop."   *Id.* at 333.   Absent consent, a patdown in the course of a traffic stop must be based on a "reasonable suspicion that the person subjected to the frisk is armed and dangerous."   *Id.* at 327.

The credible, uncontroverted testimony before the Court establishes that Deputy Alltop had probable cause to stop the Defendant's vehicle for speeding and driving left of center.   While the Defendant challenged his methods of evaluating the vehicle's speed on cross examination, Deputy Alltop testified that he was driving 70+ m.p.h. and not catching up until the Defendant was caught behind a slower vehicle.   That is sufficient to support probable cause that the Defendant was speeding, given the 45 m.p.h. speed limit.   Deputy Alltop also observed the Defendant drive left of center, which is sufficient to establish probable cause that he was driving left of center.

The Court found Deputy Alltop's testimony that the Defendant consented to the pat search of his person to be credible, and there is no evidence of an unreasonable extension of the stop prior to the consensual search.   The search occurred within a minute or two of the stop, and Deputy Alltop promptly discovered that the Defendant was a prohibited person in possession of firearms. While the core functions of a traffic stop, such as inspecting the driver's license, registration, and insurance and issuing a citation, do not seem to have taken place in this case, it is because Deputy Alltop's initial efforts to secure the scene immediately produced evidence of a more serious offense, leading to the Defendant's arrest.   Officers are entitled to take measures to ensure their safety during a traffic stop, including asking about weapons.   Deputy Alltop was the only officer on the scene, enhancing concerns about turning his back on a potentially dangerous suspect.   Even

without consent, the Defendant's effort to conceal himself as he passed Deputy Alltop's parked cruiser, followed by driving at high speeds after turning onto a side road, in combination with his evasive and agitated behavior, provided sufficient suspicion to both briefly extend the stop and conduct a pat search for weapons.   Therefore, the Court finds that the United States has met its burden to prove the admissibility of the stop, search, and firearms by a preponderance of the evidence, and the motion to suppress should be denied.[1]

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion to Suppress Evidence* (Document 26) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:        May 19, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[1] The Court notes questioning on cross examination regarding whether and when Deputy Alltop read the Defendant his Miranda warning.   The motion to suppress challenged the stop and the search, rather than the Defendant's statements, and so the Court finds that issue not to be appropriately before the Court at present.